IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 02-30131-GPM |
| | ) |
| GREG MURRAY | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S AMENDED MOTION IN LIMINE
FOR AN ORDER EXCLUDING TESTIMONY CONCERNING DEFENDANT'S
PROPENSITY TO COMMIT ROBBERIES**

COMES NOW Greg Murray, by his attorneys Renee E. Schooley, Assistant Federal Public Defender and Phillip J. Kavanaugh, Federal Public Defender, and requests that the Court enter an Order prohibiting the United States from eliciting testimony concerning defendant's propensity to commit robberies. In support of this motion defendant states:

In the trial of this matter held August 3, 4, and 5, 2004, there was testimony from witnesses concerning Mr. Murray being involved in robberies for which he was never charged. During the direct examination of D'Laurentis Trice he was asked, "Now was that the first time you had ever discussed committing a robbery of Shannon Harper with any of those individuals?" Trice answered, "No. We had conversations, you know, not on Shannon Harper we just, you know, 'cause I know Greg Murray, you know, the type of guy he is, you know. He live for that, you know." Transcript of testimony at 208. (Hereafter TR.T.) On cross examination Trice again testified about Mr. Murray being involved in robbing other people. After being asked, "So if Greg robs Shannon Harper, is Shannon so stupid not to connect that you would be involved in it also?" Trice responded, "Well, at that time, you know, I really wasn't worried about that 'cause, you know he know about Greg

Murray, you know.  He know that, you know, he done robbed other people, you know, in the area. So, you know, it wasn't, you know, it wasn't going to reflect on me, you know." TR.T. at 229.  On redirect examination the United States twice asked questions concerning rumors that Mr. Murray had been involved in other robberies.  TR.T. at 238, 242.

Evidence of Mr. Murray being involved in other robberies is inadmissible under Rule 404(a) and (b) of the Federal Rules of Evidence.  Rule 404(a) prohibits the admission of character evidence for the purpose of proving action in conformity therewith on a specific occasion.  *United States v. Bonner,* 302 F.3d 776, 780 (7th Cir. 2002).  In some instances Rule 404(b) allows admission of evidence of a defendant's prior "bad acts" if they are relevant to an understanding of the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).  The Seventh Circuit has fashioned a four prong test to determine the admissibility of "bad acts" evidence.  *United States v. Jones,* 389 F.3d 753 (7th Cir. 2004).[1]  The four factors are: (1)  the evidence is directed towards a matter in issue; (2)  the prior act is similar enough and close enough in time to the charged offense; (3)  the jury can find from the evidence that the defendant committed the prior act; and (4)  the danger of unfair prejudice does not substantially outweigh the probative value of the evidence.  *Id.* at 914.  The evidence that Mr. Murray was involved in other robberies is inadmissible under the four factors established by the Seventh Circuit. There was no evidence of the circumstances or time frame of the alleged prior robberies.  The only evidence that Mr. Murray even committed the prior acts was the word of a co-defendant who said

---

[1] The purpose of filing this Amended Motion is to update the case law cited by Defendant Murray.  Mr. Murray originally cited to *United States v. White,* 368 F.3d 911(7th Cir. 2004), which was subsequently vacated on January 25, 2005, pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005).

that is what the word was in the community. There were absolutely no specifics to support a jury finding that Mr. Murray committed the prior acts. Without any specifics about the circumstances and time frame of the prior acts, there is no probative value to this evidence and the evidence is substantially outweighed by unfair prejudice.

WHEREFORE, defendant submits that testimony concerning his reputation and character is inadmissible under Rule 404(a) and 404(b) Fed.R.Evid. and respectfully requests that the Court enter an Order excluding evidence of defendant's alleged involvement in other robberies and directing the United States to admonish its witnesses accordingly.

Respectfully submitted,

/s/Renee E. Schooley
RENEE E. SCHOOLEY
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT

The following counsel consents to electronic filing and use of his electronic signature:

/s/Phillip J. Kavanaugh
PHILLIP J. KAVANAUGH
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that he/she has caused a true and correct copy of the foregoing to be served upon Tom Leggans, Assistant United States Attorney, Southern District of Illinois, Nine Executive Drive, Fairview Heights, Illinois 62208, via electronic filing with the Clerk of the Court using the CM/ECF system this 12th day of April, 2005.

                                            */s/*Renee E. Schooley
                                            RENEE E. SCHOOLEY