IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 02-30131-GPM |
| | ) |
| GREG MURRAY | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE
FOR AN ORDER EXCLUDING TESTIMONY CONCERNING
DEFENDANT'S ALLEGED MISCONDUCT AT THE ST. CLAIR COUNTY JAIL**

COMES NOW Greg Murray, by his attorneys Renee E. Schooley, Assistant Federal Public Defender and Phillip J. Kavanaugh, Federal Public Defender, and requests that the Court enter an Order prohibiting the United States from eliciting testimony concerning defendant's alleged misconduct at the St. Clair County jail.  In support of this motion defendant states:

Mr. Murray is currently being held in the St. Clair County Jail awaiting re-trial which is set for April 26, 2005.  On March 25, 2005, counsel for defendant Murray received supplemental discovery regarding Mr. Murray's alleged involvement in receipt of contraband.

Evidence of a person's character and/or evidence other crimes, wrongs or acts is generally inadmissible.  *See* Fed. Rule Evid. 404(a) and (b)(2005).  Rule 404(a) prohibits the admission of character evidence for the purpose of proving action in conformity therewith on a specific occasion. *United States v. Bonner,* 302 F.3d 776, 780 (7th Cir. 2002).  Rule 404(b) prohibits the admission of

evidence of crimes, wrongs or acts for the purpose of proving the character of a person in order to show conformity therewith.  However, in some instances Rule 404(b) allows admission of evidence of a defendant's other "crimes, wrongs or acts" as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed.R.Evid. 404(b)(2005).

The Seventh Circuit has fashioned a four prong test to determine the admissibility of "crimes, wrongs or acts" evidence.  *United States v. Jones,* 389 F.3d 753 (7th Cir. 2004).  The test requires the government to prove the following four factors: (1)  the evidence is directed towards a matter in issue; (2)  the prior act is similar enough and close enough in time to the charged offense; (3)  the jury can find from the evidence that the defendant committed the prior act; and (4)  the danger of unfair prejudice does not substantially outweigh the probative value of the evidence.  *Id.* at 757 (citations omitted).  Applying this test to the case at bar clearly establishes that any evidence alleging misconduct by Mr. Murray at the St. Clair County Jail is inadmissible.

First, there is no evidence regarding the alleged misconduct which is directed towards any matter in issue in Mr. Murray's current case.  Mr. Murray is currently charged with one count of conspiracy to possess with intent to distribute cocaine base, one count of use and carry of a firearm during the commission of a conspiracy to possess with intent to distribute cocaine base which resulted in a death, and one count of use and carry of a firearm in while of possessing with intent to distribute cocaine base which resulted in a death. (see Fourth Superceding Indictment - Doc. #293)  Any testimony regarding allegations of misconduct (which consists of allegations that Mr. Murray obtained illegal contraband) in a county jail would not serve to prove-up any element of the charges of drug conspiracy, possession or distribution, or the charges of use and carry of a firearm which

2

resulted in a death. Therefore, the allegation of misconduct in the jail is wholly without relevance to Mr. Murray's current charges and the first prong of the test cannot be met.

Second, the alleged misconduct in the St. Clair County Jail is neither a "prior" act nor is it similar enough or close enough in time to the charged offense. Mr. Murray's current charges deal with conduct alleged to have occurred in September of 2002. The allegation of misconduct in St. Clair County Jail is alleged to have occurred in Fall of 2004. Additionally the alleged misconduct is neither similar to the current charges nor close in time. As such, the second prong of the four factor test cannot be met.

Third, the only evidence that Mr. Murray committed the acts are internal investigation reports from St. Clair County Jail. There were no specifics to support a jury finding that Mr. Murray committed the acts nor any indication that formal charges have been brought. Finally, as the alleged jail misconduct is so wholly unrelated to the current charges, there is no probative value to this evidence and the evidence is substantially outweighed by unfair prejudice. The bare allegations of misconduct in the St. Clair County Jail serve no purpose nor would knowledge of their existence in any way advance the jury's understanding of the elements of the charges and issues in this case. Testimony with regards to the alleged misconduct would only result in unfair prejudice to Mr. Murray and should therefore be deemed inadmissible.

WHEREFORE, defendant submits that testimony concerning the allegation of misconduct in St. Clair County Jail is inadmissible under Rule 404(a) and 404(b) Fed.R.Evid. and respectfully requests that the Court enter an Order excluding evidence of defendant's alleged misconduct at the

St. Clair County Jail and directing the United States to admonish its witnesses accordingly.

      Respectfully submitted,

      */s/*Renee E. Schooley
      RENEE E. SCHOOLEY
      Assistant Federal Public Defender
      650 Missouri Avenue, Room G10A
      East St. Louis, Illinois 62201
      (618) 482-9050
      ATTORNEY FOR DEFENDANT

      The following counsel consents to electronic filing and use of his electronic signature:

      */s/*Phillip J. Kavanaugh
      PHILLIP J. KAVANAUGH
      Assistant Federal Public Defender
      650 Missouri Avenue, Room G10A
      East St. Louis, Illinois 62201
      (618) 482-9050

      ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that he/she has caused a true and correct copy of the foregoing to be served upon Tom Leggans, Assistant United States Attorney, Southern District of Illinois, Nine Executive Drive, Fairview Heights, Illinois 62208, via electronic filing with the Clerk of the Court using the CM/ECF system this 12th day of April, 2005.

      */s/*Renee E. Schooley
      RENEE E. SCHOOLEY