IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:02-CR-30131-NJR-1 |
| GREG L. MURRAY, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Greg L. Murray has moved for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. 522). Murray is serving a life sentence for his participation in a drug conspiracy in which a firearm was used and a person was murdered. (Doc. 359). Murray now argues that his medical conditions constitute extraordinary and compelling circumstances justifying his release. (*Id.*). Murray claims he has a heart condition, sinus tachycardia, which puts him at risk of severe illness or death if he contracts COVID-19. (*Id.*). He also asserts he is obese, pre-diabetic, and has an antisocial personality disorder. (*Id.*).

"A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). The Seventh Circuit has made clear that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States*

*v. Newton*, No. 21-2514, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). There remains, however, "a safety valve for prisoners who show they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). A district court must consider the movant's individualized arguments and evidence in determining whether his medical conditions constitute extraordinary and compelling reasons for compassionate release. *Id.*

Murray has not provided any evidence demonstrating he is medically unable to receive or benefit from the COVID-19 vaccine; thus, his risk of contracting COVID-19 cannot justify his compassionate release. *See United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine."). And his other medical conditions, on their own, do not rise to the level of extraordinary and compelling circumstances.

The Court further notes that the argument section of Murray's motion focuses solely on alleged errors made by the trial court at his second trial in 2005. Murray raised these same issues on direct appeal, and the Court of Appeals affirmed the district court's judgment. (Doc. 396). Murray also filed a first motion under 28 U.S.C. § 2255, which the district court denied in 2009, and a motion to file a successive § 2255, which the Court of Appeals denied in 2020. (Doc. 496). These arguments also do not create extraordinary and compelling circumstances.

Because Murray has presented no extraordinary and compelling reasons for compassionate release, the Court need not consider whether release is warranted under

18 U.S.C. § 3553(a). *See Ugbah*, 4 F.4th 595, 598 (2021) ("Because Ugbah cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all.").

Accordingly, the Motion for Compassionate Release filed by Defendant Greg L. Murray (Doc. 522) is **DENIED**. Murray's Motion for Status (Doc. 524) and Motion to Appoint Counsel (Doc. 525) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   June 29, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**