**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:02-CR-30131-NJR-1** |
| **GREG MURRAY,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On January 4, 2006, Defendant Greg Murray was sentenced to life in prison after a jury convicted him of cocaine offenses and use of a firearm in furtherance of a drug trafficking crime that caused the death of a person by murder. (Doc. 359). To date, he has served more than 22 years of that sentence.

Murray now seeks either compassionate release or a reduction of his sentence from life to 480 months under 18 U.S.C. § 3582(c)(1)(A). (Docs. 546, 555). Murray filed two motions, the first of which argues that extraordinary and compelling circumstances exist under U.S. Sentencing Guidelines § 1B1.13(b)(1)-(4) warranting a sentence reduction ("the Original Motion"). (Doc. 546). The second motion, which Murray titled "Amended Motion for Compassionate Release and/or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (the "Amended Motion"), primarily attacks his conviction and sentence, although he also raises some of the points discussed in his Original Motion (Doc. 555).

The Government responded to the Original Motion on September 10, 2025, arguing that the circumstances raised by Murray are not extraordinary and compelling; thus, Murray is not eligible for a sentence reduction. (Doc. 551). After the Government responded, Murray

filed two motions to appoint counsel (Docs. 553, 556), a supplement to his Original Motion (Doc. 552), a Motion for Clarification as to when he would receive a response to his Amended Motion (Doc. 558), and a second Supplement to his Original Motion (Doc. 559).

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." *See Dillon v. United States*, 560 U.S. 817, 824 (2010). Compassionate release represents a narrow exception to this rule. *See* 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is satisfied, [1] the court considers whether extraordinary and compelling reasons warrant a sentence reduction and whether the reduction is appropriate in light of the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

## DISCUSSION

### *U.S. Sentencing Commission Policy Statement*

Effective November 1, 2023, the Sentencing Commission issued a policy statement describing what constitutes extraordinary and compelling reasons for a sentence reduction.

---

[1] There is no dispute that Murray exhausted his administrative remedies before filing his motions.

These reasons include (1) certain medical circumstances of the defendant, (2) the defendant's age, (3) family circumstances that leave the defendant as the only available caregiver, and (4) that the defendant has been a victim of abuse in prison. U.S.S.G. § 1B1.13(b)(1)-(4). A defendant may also demonstrate "other reasons" by presenting any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). § 1B1.13(b)(5). Finally, the policy statement provides that a finding of extraordinary and compelling reasons is warranted if: (1) the defendant is serving an unusually long sentence; (2) the defendant has served at least ten years of the sentence; and (3) an intervening change in law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6)

### The Amended Motion

The majority of Murray's Amended Motion can be denied straightaway. In his Amended Motion, Murray claims that his conviction and sentence were "marred by evidentiary exclusions, flawed jury instructions, procedural defects, and disproportionate sentencing outcomes." (Doc. 555). A defendant, however, "cannot use a motion for compassionate release to challenge a potential error . . . in his sentence. To allow otherwise would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *see also United States v. Moore*, No. 23-2919, 2024 WL 890003, at *1 (7th Cir. Mar. 1, 2024) ("claims about the validity of the original conviction or sentence cannot count toward a finding of extraordinary and compelling

circumstances"); *United States v. Consuegra-Rojas*, No. 21-2606, 2022 WL 356375, at *2 (7th Cir. Feb. 7, 2022) ("a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion"). Therefore, Murray's arguments that the district judge violated his due process rights and erred by excluding exculpatory evidence, allowing improper polygraph evidence, and giving erroneous jury instructions cannot be raised in a motion under § 3582(c)(1)(A). Murray's Amended Motion is denied on these grounds.

### The Original Motion

The remaining points in Murray's Amended Motion, which are also raised in his Original Motion, address circumstances that Murray claims are extraordinary and compelling enough to warrant his early release.

Murray primarily relies on the "catch all" provision of § 1B1.13(5). He asserts that the following combination of factors constitute extraordinary and compelling circumstances: (1) he has been rehabilitated through participation in more than 95 educational and wellness programs, including obtaining his G.E.D.; (2) he lacked a significant criminal history prior to his arrest; (3) his sentence is disproportionately long and inconsistent with statutory sentencing objectives; (4) there are sentencing disparities between Murray and his co-defendants who pleaded guilty; (5) he struggled with drug and alcohol abuse from a young age; (6) he lacked education at the time of his offense; (7) he had a terrible childhood; (8) he was only 19 at the time of sentencing; and (9) he is deserving of mercy and redemption. He also argues that his life sentence was imposed when the U.S. Sentencing Guidelines were mandatory, not discretionary, and that other defendants serving life sentences for murder have obtained relief.

In response, the Government argues that the factors cited by Murray are not "similar in gravity" to the conditions set forth in § 1B1.13(b)(1)-(4), which are meant to represent truly grave or dire circumstances. Additionally, the Ninth Circuit has held that subsections (b)(1) through (4) refer to circumstances that develop *after* sentencing. *See United States v. Bryant*, 144 F.4th 1119, 1126 (9th Cir. 2025) (quoting *Setser v. United States*, 566 U.S. 231, 242–43 (2012) ("[S]ubsections (b)(1) through (4) share an important characteristic — they generally refer to circumstances that develop *after* sentencing. It makes sense why: § 3582(c)(1)(A) provides 'a mechanism for relief' when the district court failed to 'anticipat[e] developments that take place after the first sentencing.'")). In Murray's case, however, the Court was aware of his lack of significant criminal history, lack of education, family history, and his age at the time of sentencing. Thus, the Government argues that the Court should reject Murray's arguments regarding his pre-sentence conditions.

The Court agrees with the Government and finds the Ninth Circuit's reasoning in *Bryant* persuasive. The *Bryant* court explained that the compassionate release statute does not permit a court to contort "the extraordinary-and-compelling reasons requirement to convert compassionate release into an 'unbounded resentencing' mechanism." *Id.* at 1127. "In enacting § 3582(c)(1)(A), Congress did not authorize district courts to take a second bite at the sentencing apple. Rather, compassionate release is a limited, discretionary exception to the default rule that a federal defendant will serve his entire sentence." *Id.*

Here, allowing Murray's youth at the time of the crime, his lack of a significant criminal history, his education level, or his dismal upbringing to count as "extraordinary and compelling" circumstances would "turn compassionate release into a loophole for reevaluating sentencing decisions without congressional authorization." *Id.* Instead, those

factors should have been—and were—considered at sentencing. *See Moore*, 2024 WL 890003 at *1 (the defendant's "non-violent criminal history was a topic to consider at his 2022 sentencing or in a direct appeal, not a factor that can itself trigger eligibility for early release").

As to Murray's argument that his sentence is disproportionate when compared to the sentences of his co-defendants, the Seventh Circuit has found that a compassionate release motion seeking a sentence modification based on an unwarranted disparity between the defendant's sentence and his co-defendants' sentences is a challenge to the length of the prison sentence, which is appropriately heard on direct appeal or in a § 2255 motion, not on compassionate release. *United States v. O'Neill*, 735 F. Supp. 3d 994, 1024 (E.D. Wis. 2024), *aff'd*, No. 24-1977, 2026 WL 160942 (7th Cir. Jan. 21, 2026) (citing *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020)).

Murray's rehabilitation also is not extraordinary or compelling. It is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release, *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022), and "[t]aking classes while incarcerated is common rather than extraordinary," *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023).

Next, Murray asserts that his sentence is "disproportionately long" when compared to similar cases and that he was sentenced when the U.S. Sentencing Guidelines were mandatory, not discretionary. Murray's first argument is premised on the factors in 18 U.S.C. § 3553(a), including the need for a sentence to reflect the seriousness of the offense and to avoid unwarranted sentence disparities among defendants convicted of similar conduct. But the § 3553(a) factors are a separate inquiry from whether extraordinary and compelling circumstances exist. As to Murray's second point, he is simply wrong: Murray was sentenced

in 2006, *after* the Supreme Court determined that the U.S. Sentencing Guidelines are advisory only. *See United States v. Booker*, 543 U.S. 20 (2005). Thus, he was not sentenced when the Guidelines were mandatory.

In his supplemental briefing, Murray further states that the mother of his children, September Gower, was in a coma for three days after an unexpected heart issue. (Docs. 552, 559). She has been told that her heart is only beating at 20 percent and she is living past her life expectancy. (*Id.*). Murray asserts that Ms. Gower is the primary provider for his adult children, his 17-year-old stepdaughter, and their 6-year-old grandchild. (*Id.*). If Ms. Gower were to die or become incapacitated, Murray argues, he would become the primary caretaker. (*Id.*).

Under § 1B1.13(b)(3)(A), the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition constitutes an extraordinary and compelling reason for compassionate release. Additionally, under § 1B1.13(b)(3)(B), an extraordinary and compelling reason exists when the defendant's spouse or registered partner becomes incapacitated and the defendant is the only available caregiver. Murray's circumstances do not fit within either § 1B1.13(b)(3)(B) or § 1B1.13(b)(3)(B). He does not have any minor children of his own (nor has he demonstrated that his stepdaughter would have no other caregiver), and he has not alleged that his adult children are incapable of self-care due to a mental or physical disability or medical condition. Additionally, Ms. Gower is not currently incapacitated, and there is no evidence that she is his spouse or registered partner.

Finally, in his second supplemental filing, Murray states in a cursory and undeveloped manner that the Supreme Court's decision in *Barrett v. United States* applies to

him and should constitute an extraordinary and compelling reason for compassionate release. In *Barrett*, the Supreme Court held that Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for one act that violates both provisions. *Barrett v. United States*, 607 U.S. ----, 146 S. Ct. 482, 497 (2026). Section 924(c)(1)(A)(i) criminalizes using, carrying, or possessing a firearm in connection with a federal crime of violence or drug trafficking crime, while § 924(j) prescribes penalties, including capital punishment, when "a violation of subsection (c)" causes death. *Id.* at 486. *Barrett* explains that a defendant cannot be convicted multiple times, with multiple sentences, for one action that violates both §§ 924(c)(1)(A)(i) and (j). *Id.*

In this case, Murray was not convicted of multiple violations based on § 924(c) and § 924(j). Count 3 of the Fourth Superseding Indictment alleged that Murray violated both § 924(c)(1) and § 924(j), and he was sentenced to life based on that conduct. The Court did not impose cumulative punishments for violations of both sections of the statute, so *Barrett* has no relevance here.

In sum, the Court agrees with the Government that Murray has not presented any circumstances, alone or in combination, that are similar in gravity to the conditions set forth in § 1B1.13(b)(1)-(4). Because Murray has not demonstrated any extraordinary and compelling reason for compassionate release, the Court need not determine whether the statutory sentencing factors warrant his release. *See United States v. Taylor*, No. 25-2302, 2026 WL 517834, at *1 (7th Cir. Feb. 25, 2026) (a court need not assess the § 3553(a) factors where it has determined that no extraordinary and compelling reason warrants a sentence reduction).

CONCLUSION

For these reasons, the Motions for Compassionate Release and/or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Greg Murray (Docs. 546, 555) are **DENIED**. Murray's Motions to Appoint Counsel and for Clarification (Docs. 553, 556, 558) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:    **April 20, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**